180 So. 125

## FOSTER v. BYRD.
### 8 Div. 516.

Court of Appeals of Alabama.
March 29, 1938.

Murphy & Pounders, of Florence, for appellant.

F. E. Throckmorton, of Tuscumbia, for appellee.

BRICKEN, Presiding Judge.

This cause was tried upon an amended complaint consisting of one count, the demurrer interposed thereto having been overruled.

Plaintiff claimed damages from defendant by reason of the negligent operation of defendant's motor truck on the highways of Colbert county, near the city limits of Tuscumbia, Ala., which at the time was being operated by defendant by and through his agent or servant while acting in the line or scope of his authority, etc.

On this appeal no extended discussion is necessary. The principles of law involved are simple, and in this connection the trial court fully, explicitly, fairly, and correctly instructed the jury as to every phase of the law governing the questions involved upon the trial.

■ There was no error in the action of the court in overruling defendant's demurrers to the amended complaint.

■ The plaintiff offered testimony tending to sustain every material averment of the complaint. The defendant, in addition to his plea of the general issue, also insisted by plea that plaintiffs were guilty of contributory negligence and offered testimony tending to support said plea. The evidence adduced upon the material points of inquiry was in sharp conflict, and hence was for the jury to determine. No controversy appears as to the fact that the truck in question was the property of defendant, and that, at the time of the disastrous collision with the plaintiff's wagon, said truck was being operated by one Greenhill, the agent or servant of the defendant, who was then and there, in the operation of said truck, acting in the line and scope of his authority as such agent and servant in the employ of defendant.

■ As we see it, the controlling and conclusive question of fact upon the trial was, the *time* of day, or night, when the accident occurred. It was admitted that the wagon of plaintiff was being driven upon and along the stated highway on the right-hand side of the road and that at the time of the collision there was no light in or upon the wagon. Plaintiff insisted, however, he was under no duty to place lights upon the wagon because of the fact that when the collision occurred it was daylight, and not nighttime, as contended by defendant. As stated, evidence on this point was in conflict, making a jury question.

There is no phase of this case which entitled the defendant to the affirmative charge.

The assignment of errors have been considered, but in our opinion none of them are well taken.

Affirmed.